**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION AT AKRON**

| | | |
|---|---|---|
| **RS PETROLEUM LLC** | ) | **CASE NO.:** |
| 745 East Archwood Avenue | ) | |
| Akron, Ohio 44306 | ) | **JUDGE:** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COMPLAINT** |
| -vs.- | ) | |
| | ) | |
| **UNITED STATES OF AMERICA** | ) | |
| **DEPARTMENT OF AGRICULTURE, FOOD** | ) | |
| **AND NUTRITION SERVICE** | ) | |
| 1320 Braddock Place, Room 5042 | ) | |
| Alexandria, Virginia 22314 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Now comes Plaintiff RS Petroleum LLC, by and through undersigned counsel, and hereby brings this action against the United States of America pursuant to 7 U.S.C. § 2023 and 7 C.F.R. § 279.7, and alleges as follows:

**PARTIES**

1.  Plaintiff RS Petroleum LLC is an Ohio limited liability company with its principal place of business at 745 E. Archwood Avenue, Akron, Ohio 44306, Food and Nutrition Service ("FNS") Number 0668936.

2.  Defendant United States of America acts through its agency the U.S. Department of Agriculture ("USDA"), Food and Nutrition Service, which issued the challenged final agency decision ("Decision") on February 10, 2026, through the Food and Nutrition Service Administrative and Judicial Review Branch, 1320 Braddock Place, Room 5042, Alexandria, Virginia 22314.

## **JURISDICTION AND VENUE**

3. This Court has jurisdiction pursuant to 7 U.S.C. § 2023(a)(13), which provides that any retail food store aggrieved by a final agency determination under the Food and Nutrition Act of 2008 may seek judicial review in the U.S. District Court for the district in which the store's owner is engaged in business.

4. Venue is proper pursuant to 7 U.S.C. § 2023(a)(13) and 28 U.S.C. § 1391, as Plaintiff's store is located in Akron, Ohio, within the Northern District of Ohio, Eastern Division.

5. This complaint is timely filed within thirty (30) days of delivery of the Final Agency Decision dated February 10, 2026, as required by 7 U.S.C. § 2023(a)(13) (**EXHIBIT A**).

## **INTRODUCTION**

6. This is an action for judicial review of a Final Agency Decision issued by the U.S. Department of Agriculture, Food and Nutrition Service, dated February 10, 2026, sustaining a six-month disqualification of RS Petroleum LLC from participation as an authorized retailer in the Supplemental Nutrition Assistance Program ("SNAP"). The disqualification arose from a small number of transactions in which non-SNAP-eligible items were inadvertently accepted through the store's point-of-sale system during a software transition — conduct the Agency itself characterizes as resulting from "carelessness or poor supervision," not intentional fraud.

7. The Decision must be set aside because: (1) the Agency's refusal to consider a civil money penalty ("CMP") in lieu of disqualification was arbitrary, capricious, and unsupported by the record; (2) the Agency's conclusion that other comparable stores are "easily accessible" to Plaintiff's SNAP-dependent customers is factually unsupported and legally insufficient; and (3) the six-month disqualification will cause demonstrable

hardship to a vulnerable, transit-dependent community that relies on RS Petroleum as its primary nearby SNAP retailer.

## STATUTORY AND REGULATORY BACKGROUND

8.  SNAP is governed by the Food and Nutrition Act of 2008, 7 U.S.C. §§ 2011–2036, and implementing regulations at 7 C.F.R. Parts 271–282.

9.  Under 7 C.F.R. § 278.6(a), FNS may disqualify an authorized retail food store that fails to comply with SNAP regulations.

10. For a first violation involving the sale of common nonfood items due to carelessness or poor supervision, 7 C.F.R. § 278.6(e)(5) prescribes a mandatory minimum disqualification period of six months.

11. Under 7 C.F.R. § 278.6(f)(1), FNS may impose a civil money penalty ("CMP") in lieu of disqualification when: (a) the store sells a substantial variety of staple food items; and (b) disqualification would create a hardship to SNAP households because there is no other authorized retail food store in the area selling as large a variety of staple food items at comparable prices.

12. Under 7 U.S.C. § 2023 and 7 C.F.R. § 279.7, judicial review is conducted *de novo* by the district court, which independently evaluates both law and fact.

## FACTUAL BACKGROUND

13. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

11. RS Petroleum operates a grocery and convenience store at 745 East Archwood Avenue, Akron, Ohio 44306, serving a predominantly low-income, transit-dependent neighborhood.

12. The store's SNAP customer base consists largely of impoverished and elderly individuals, people with disabilities, and households without personal vehicles who rely on RS Petroleum as their nearest accessible SNAP retailer. Many customers lack cars and have no direct access to transportation. Disqualification would increase cost and travel burden for those already on limited incomes.

13. RS Petroleum offers a substantial variety of staple food items and is a critical food access point for SNAP benefit recipients in its immediate area.

14. USDA conducted an undercover investigation of RS Petroleum's SNAP compliance. The Office of Retailer Operations and Compliance ("ROC") charged the store with accepting SNAP benefits in exchange for one or more ineligible "common nonfood items."

15. By letter dated March 4, 2025, the ROC notified RS Petroleum that it was charged with violating 7 C.F.R. § 278.2(a), warranting a six-month disqualification under 7 C.F.R. § 278.6(e)(5).

16. On April 17, 2025, the ROC formally imposed the six-month disqualification and stated that RS Petroleum was not eligible for a CMP because there are "other authorized retail stores in the area selling as large a variety of staple foods at comparable prices."

17. The violations did not result from intentional fraud or any deliberate scheme to circumvent SNAP rules. They were caused by a software and inventory system transition in which certain items were not properly flagged as non-EBT-eligible in the store's back-office system.

18. When the store upgraded from its old software to a new inventory management system, some items were not correctly designated with the EBT eligibility flag as required by 7

Page **4** of **9**

C.F.R. § 271.2. As a result, those items were inadvertently processed as SNAP-eligible during the transition period.

19. Upon discovering the issue, RS Petroleum promptly: (a) audited all inventory in the back-office system to ensure proper EBT flagging; (b) installed point-of-sale system updates to block SNAP transactions for ineligible items at the register; (c) reconfigured the POS to process eligible and non-eligible items separately with itemized receipts; and (d) retrained all staff on SNAP regulations and updated internal compliance procedures.

20. RS Petroleum submitted evidence of these corrective measures — including a Vendor's Price Book With EBT Flag and a Product List With EBT Flag — to the ROC prior to the April 17, 2025, disqualification decision.

21. On April 25, 2025, Plaintiff timely filed a request for administrative review with the FNS Administrative Review Branch, challenging the six-month disqualification and requesting imposition of a CMP under 7 C.F.R. § 278.6(f)(1).

22. In its appeal, RS Petroleum detailed: the software-transition root cause of the violations; comprehensive corrective actions already implemented; the store's status as the primary accessible SNAP retailer for a transit-dependent, low-income community; the first-time nature of the violation; and the hardship disqualification would impose on impoverished, elderly, disabled, and transportation-limited SNAP households.

23. The FNS Administrative Review Branch granted the appeal and placed implementation of the sanction on hold pending review.

24. On February 10, 2026, Administrative Review Officer Rich Proulx issued the Final Agency Decision (FNS Case No. C0292281) sustaining the six-month disqualification in full.

25. With respect to the corrective actions submitted by Plaintiff, the Decision stated that "there is no provision in SNAP regulations for reducing an administrative penalty on the basis of corrective actions implemented subsequent to investigative findings." (**EXHIBIT A,** pg. 3).

26. The Decision went on to conclude that a CMP was inappropriate because RS Petroleum is "not the only authorized retail food store in the area selling as large a variety of staple food items at comparable prices," relying solely on the finding that the "FNS SNAP retailer database shows other one or more larger stores located nearby." (**EXHIBIT A,** pg. 5–6).

27. The Decision did not identify those stores by name, address, distance, or any analysis of actual transit or pedestrian accessibility to Plaintiff's customers.

### COUNT I-
### THE AGENCY'S DENIAL OF A CIVIL MONEY PENALTY WAS ARBITRARY, CAPRICIOUS, AND NOT IN ACCORDANCE WITH LAW

28. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

28. Under 7 C.F.R. § 278.6(f)(1), FNS must consider imposing a CMP in lieu of disqualification when (1) the store sells a substantial variety of staple foods, and (2) disqualification would cause hardship to SNAP households due to the absence of another nearby store offering comparable variety at comparable prices.

29. RS Petroleum sells a substantial variety of staple food items and is the nearest and most accessible SNAP-authorized retailer for a neighborhood whose residents overwhelmingly lack personal transportation.

30. The Decision denied the CMP based solely on the assertion that the FNS SNAP retailer database "shows other one or more larger stores located nearby." (**EXHIBIT A, pg.** 5–6). This finding is legally and factually deficient for the following reasons:

(a) The Decision does not identify the competing stores by name, address, or distance from RS Petroleum, making meaningful judicial review impossible;

(b) The Decision does not analyze whether those stores are accessible to Plaintiff's customers via public transit, walking, or other means available to an elderly, disabled, and transit-dependent population;

(c) The Decision conflates "nearby on a map" with "accessible," ignoring the regulatory requirement to evaluate actual hardship to SNAP households; and

(d) The Decision fails to engage with Plaintiff's uncontroverted evidence that customers lack vehicles and depend on RS Petroleum as their immediate neighborhood SNAP retailer.

32. The Agency's reliance on a bare database entry, without any individualized analysis of actual consumer access, constitutes arbitrary and capricious agency action in violation of 5 U.S.C. § 706(2)(A) and the Food and Nutrition Act, 7 U.S.C. § 2023.

33. A CMP in lieu of disqualification is the appropriate and legally required remedy under 7 C.F.R. § 278.6(f)(1) on the facts of this case.

<u>**COUNT II:**</u>
**<u>THE AGENCY'S REFUSAL TO CREDIT THE NON-FRAUDULENT NATURE OF THE VIOLATIONS WAS AN ABUSE OF DISCRETION</u>**

34. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

35. While the Decision acknowledges the applicable regulation attributes violations to "carelessness or poor supervision," it failed to give any weight to the documented,

systemic, non-fraudulent cause: a software inventory transition resulting in miscoded EBT eligibility flags.

36. The distinction between a deliberate scheme to defraud SNAP and an inadvertent system error that was promptly remediated is legally relevant to CMP eligibility under 7 C.F.R. § 278.6(f)(1) and to any equitable assessment of the appropriate sanction.

37. The Decision's blanket refusal to consider the root cause of the violations — treating a systemic POS coding error identically to willful fraud — constitutes an abuse of discretion and fails to satisfy the requirement of reasoned agency decision-making.

## COUNT III:
## THE DISQUALIFICATION IS UNSUPPORTED BY THE FULL RECORD

38. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

39. Under 7 U.S.C. § 2023, this Court reviews the facts *de novo*. The record, fairly reviewed, establishes that the violations resulted from an identifiable technical failure, not from repeated or knowing circumvention of SNAP rules.

40. RS Petroleum has no prior SNAP violations. This is a first offense. The six-month period is both the minimum and only sanction available under 7 C.F.R. § 278.6(e)(5) — precisely the circumstance the CMP alternative under § 278.6(f)(1) was designed to address.

41. The store immediately and comprehensively remediated the technical cause of the violations and submitted documentary proof to the FNS. The Agency's refusal to treat the CMP as applicable — based on a factually unsupported finding about "nearby" stores — forecloses the only congressional and regulatory relief available to first-time, good-faith violators and their innocent SNAP-dependent customers.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff RS Petroleum LLC respectfully requests that this Court:

1. Accept jurisdiction over this action pursuant to 7 U.S.C. § 2023 and conduct a *de novo* review of the Final Agency Decision dated February 10, 2026;
2. **Reverse or vacate** the Final Agency Decision sustaining the six-month SNAP disqualification of RS Petroleum LLC;
3. **In the alternative, remand** the matter to the Agency with instructions to conduct a proper individualized analysis of CMP eligibility under 7 C.F.R. § 278.6(f)(1), including factual inquiry into the actual accessibility of purportedly "nearby" competing stores to Plaintiff's transit-dependent SNAP customers;
4. **Order imposition of a civil money penalty** in lieu of disqualification pursuant to 7 C.F.R. § 278.6(f)(1), in an amount the Court deems appropriate;
5. **Enjoin enforcement** of the six-month disqualification pending final resolution of this action; and
6. **Award Plaintiff its costs** of suit and such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/  Jensen E. Silvis
Jensen E. Silvis (0093989)
190 North Union Street, Suite 201
Akron, Ohio 44304
Phone:          330.696.8231
Facsimile:      330.752.9022
Email: jensen@jesilvislaw.com

*Attorney for Plaintiff*